IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT, LLC, an Arizona limited liability company, and LAWRENCE A. HEATH,<br><br>Plaintiffs,<br><br>-vs-<br><br>WAYNE JOYNER, JUSTIN JOYNER, as individuals; ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana limited liability company, WAYNE MARCHWICK, JENNIFER SMITH, AMERICAN TITLE AND ESCROW, a Montana corporation, FIRST AMERICAN TITLE COMPANY, a California corporation, DEVELOPER FINANCE CORPORATION, a Massachusetts corporation, NICHOLAS POWERS, III, a/k/a NICHOLAS D. POWERS, JAKE KORELL, LANDMARK OF BILLINGS, INC., a Montana corporation, JON USSIN, U BAR S REAL ESTATE, a Montana corporation, and JOHN DOES 11 through 30,<br><br>Defendants. | Cause No. CV-08-100-BLG-RFC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

-1-

Currently pending before the Court is a Motion to Dismiss by Defendant Jennifer Smith. Defendant Smith argues that she cannot be sued individually for the circumstances Plaintiffs have asserted and the claims against her should be dismissed. Plaintiffs oppose Defendant Smith's Motion.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.*

## ANALYSIS

Plaintiffs have asserted four claims against Ms. Smith, American Title, and the underwriter, First American Title Company. Plaintiffs assert claims for negligence, tortious interference, civil conspiracy, and punitive damages against Ms. Smith, American Title, and First American Title.

The basis for Plaintiffs' claims asserted against Ms. Smith is grounded in the fact that she was acting as an escrow officer for American Title on both the escrow account opened by Plaintiffs, and on the account opened by the subsequent purchaser. Plaintiffs plead that Ms. Smith acted as an employee of American Title. Plaintiffs do not allege that Ms. Smith acted in any other way than as an escrow officer of American Title nor did Plaintiffs allege that she acted for her personal benefit, or on or for her own behalf.

Pursuant to Montana law, the Montana Supreme Court has consistently held that dismissal against an employee for allegedly tortious conduct is appropriate when the employee was acting as an agent within the scope of his or her employment with the principal. Montana law provides that the principal or employer is potentially liable for the conduct, not the agent or employee individually.

Montana Code Ann. § 28-10-602 states as follows:

> (1) Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of the principal's agent in the transaction of the business of the agency, including wrongful acts committed by the agent in and as a part of the transaction of business, and for the agent's willful omission to fulfill the obligations of the principal.
>
> (2) A principal is not responsible for other wrongs committed by the principal's agent except those mentioned in subsection (1) unless the

> principal has authorized or ratified the acts, even though they are committed while the agent is engaged in the principal's service.

In *Crane Creek Ranch, Inc. v. Cresap*, 324 Mont. 366, 103 P.3d 535 (2004), the Montana Supreme Court considered an action in which an attorney allegedly made incomplete and misleading representations about "critical" terms to a sales auction for real property. The plaintiff sued the attorney for liability individually for his allegedly tortious actions. The trial court's decision to dismiss the claims of individual liability were affirmed by the Montana Supreme Court. The Court recognized that the plaintiff did not make an "allegation that [the agent] engaged in an independent wrong outside the scope of his agency relationship." *Id.* at ¶ 13. The attorney was acting as an agent for his principal and could not "be held individually liable to" the plaintiff. *Id.* at ¶ 13.

In *Bottrell v. American Bank*, 237 Mont. 1, 773 P.2d 694 (1989), borrowers at American Bank sued American Bank and two of its loan officers personally for misrepresentation, bad faith and punitive damages in the handling of a loan. The trial court ruled the two employees were not liable personally for the acts they took on behalf of the Bank, and dismissed the claims against the individual employees. The Supreme Court affirmed dismissal of the personal liability claims against the

employees because they had only taken their acts on behalf of their employer. The Supreme Court stated:

> [T]he actions of officers Beaton and Derrig were not on behalf of themselves as individuals or for their own pecuniary benefit, nor were their actions against the best interest of the corporation for which they were employed. They acted within the scope of their employment, and in furtherance of corporate interest. As such, they are entitled to the protection of the corporate shield from personal liability.

*Id.* at 25.

In *Phillips v. Montana Educ. Ass'n*, 187 Mont. 419, 610 P.2d 154 (1980), the Montana Supreme Court held that board members and employees of corporations were shielded from personal liability because their allegedly tortious actions were taken within the scope of their employment and in furtherance of corporate interests. The Phillips Court has defined the scope of the corporate shield as follows: "the privilege of limited liability should be applicable in those situations where actions are motivated and taken in the furtherance of corporate purposes, policies and interests." *Phillips*, 187 Mont. at 426.

Accepting Plaintiffs' allegations as true, it is undisputed that Ms. Smith took her allegedly tortious actions on behalf of her employer and co-defendant, American Title. Plaintiffs did not allege that Ms. Smith took any action against Plaintiffs to further her own personal interest or for her own personal benefit. Therefore, based

upon Montana law, the claims asserted by Plaintiffs against Ms. Smith must be dismissed. Defendant's Motion to Dismiss [doc. 48] is **GRANTED**.

The Clerk of Court is directed to terminate Jennifer Smith as a Defendant.

DATED this 29th day of April, 2010.

                                   _/s/ Richard F. Cebull_____
                                   RICHARD F. CEBULL
                                   U.S. DISTRICT COURT JUDGE