IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT, LLC, an Arizona limited liability company, and LAWRENCE A. HEATH, | Cause No. CV-08-100-BLG-RFC |
| Plaintiffs, | |
| -vs- | |
| | **ORDER** |
| WAYNE JOYNER, JUSTIN JOYNER, as individuals; ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana limited liability company, WAYNE MARCHWICK, AMERICAN TITLE AND ESCROW, a Montana corporation, FIRST AMERICAN TITLE COMPANY, a California corporation, DEVELOPER FINANCE CORPORATION, a Massachusetts corporation, NICHOLAS POWERS, III, a/k/a NICHOLAS D. POWERS, JAKE KORELL, LANDMARK OF BILLINGS, INC., a Montana corporation, JON USSIN, U BAR S REAL ESTATE, a Montana corporation, and JOHN DOES 11 through 30, | |
| Defendants. | |

Currently pending before the Court is a Motion for Summary Judgment by

Defendants American Title and Escrow, seeking an order dismissing Plaintiffs'

-1-

request for specific performance of the Buy-Sell Agreement between Plaintiffs and

Defendant Rocky Mountain Timberlands, LLC (RMT) to the extent the real

property subject to the Buy-Sell Agreement has been sold to bona fide purchasers.

Defendants Wayne Joyner, Justin Joyner, Rocky Mountain Timberlands, LLC, Jon

Ussin, and U Bar S Real Estate join in the Motion for Summary Judgment.

Plaintiffs oppose said motion.

## UNDISPUTED MATERIAL FACTS

Plaintiffs entered into a Buy-Sell Agreement (and addendums) with Rocky

Mountain Timberlands in 2007 for the purchase and sale of real property located in

Musselshell County, Montana.  Subsequently, in April 2008, Rocky Mountain

Timberlands sold a majority of the real property to Defendant Nicholas D. Powers.

Rocky Mountain Timberlands executed a Warranty Deed to transfer the real

property to Nicholas Powers.  The Warranty Deed was recorded on April 4, 2008 in

Musselshell County.  Also on April 8, 2008, a Warranty Deed was recorded in

Musselshell County to transfer a portion of the real property from Rocky Mountain

Timberland to M. Gene and Shirley D. Messer.  (The portion of the property that

was transferred to Nicholas Powers and the Messers will hereinafter be collectively

referred to as the "Real Property.")

Nicholas Powers subsequently transferred his interest in the Real Property to third parties via Warranty Deeds, all which were executed and recorded between October 2, 2008, and May 5, 2009.  Some of these transferees sold their interests in the Real Property to other third party purchasers.

On February 2, 2010, after all of the aforementioned transfers to third party purchasers, Plaintiffs filed a Lis Pendens with the Musselshell County Clerk and Recorder and the Musselshell County Clerk, describing the Real Property and stating that a suit had been commenced.  Plaintiffs later filed a Partial Release of the Lis Pendens on a portion of the Real Property, stating they were waiving their request for specific performance as to the portions of the Real Property released.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law.  *Anderson, v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. Once the moving party has done so, the burden shifts to the opposing party to set forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Id.* The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249.

## ANALYSIS

Defendant first argues that Plaintiffs are not entitled to specific performance in this action because the Real Property has already been sold by Powers to subsequent third-party purchasers, which makes it impossible for RMT to specifically perform the Buy-Sell Agreement.

Specific performance is an equitable remedy which requires actual performance of a contract, pursuant to the contract's terms and conditions. *Double AA Corp. v. Newland & Co.*, 905 P.2d 138, 273 Mont. 486 (1995). Generally,

purchasers who enter into a buy-sell agreement and are willing to perform the agreement pursuant to its terms and conditions are entitled to the remedy of specific performance. *Smith v. Johnson*, 798 P.2d 106, 245 Mont. 137 (1990), citing Mont. Code Ann. § 27-1-412.

Exceptions to specific performance include: an obligation to render personal service or to employ another therein; an agreement to marry or live with another; an agreement to perform an act which the party has not power to perform lawfully when required to do so; an agreement to procure the act or consent of the spouse of the contracting party or of any other third person; or an agreement the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable. Mont. Code Ann. § 27-1-412.

Defendant argues that the specific performance in this case falls into the category of "an agreement to perform an act which the party has not power to perform lawfully when required to do so." Mont. Code Ann. § 27-1-412(3). Defendant asserts this argument based upon the fact that the Real Property has been sold to third-party purchasers.

Granting summary judgment in favor of Defendants at this stage would be the equivalent of ruling that specific performance cannot occur in part. If specific performance is denied as to part of the performance that is due, it may nevertheless

be granted as to the remainder.  Restatement (Second) of Contracts § 358(2) (1981).

There are times when the requirements are met for specific performance of part of

the performance due from the party in breach, but the remaining part of the

performance has become impracticable or is otherwise of such a character as to

preclude such relief.  A Court may properly issue an order as to the first part,

together with any compensation that is appropriate for non-performance of the

second part.  Restatement (Second) of Contracts § 358 cmt. b.

"Whenever the seller is unable to convey all that he agreed to, the buyer is

entitled, as a matter of right in all cases, to specific performance of whatever interest

the seller has, if he will pay the full contract price."  *Torelle v. Templeman*, 94

Mont. 149, 21 P.2d 60.  5 Pomeroy's Equity Jurisprudence (2d Ed.) § 2256;

*Williams v. Kilpatrick*, 195 Ala. 563, 70 So. 742; *Anderson v. Kennedy*, 51 Mich.

467, 16 N. W. 816;  *Stromme v. Rieck*, 107 Minn. 177, 119 N. W. 948, 131 Am. St.

Rep. 452; *Millard v. Martin*, 28 R. I. 494, 68 A. 420.

Plaintiffs assert that RMT still has titles to some parcels and specific

performance as to those parcels could be ordered.  According to Plaintiffs, the

public record shows that property east of Highway 87 (approximately 2200 acres)

still belongs to RMT and RMT could conceivably be ordered to convey those

parcels via specific performance.  Therefore, Defendant's Motion for Summary

Judgment (*doc. #68*) is **DENIED**.

    DATED this 16th day of August, 2010.


                        */s/ Richard F. Cebull*_____
                        RICHARD F. CEBULL
                        U.S. DISTRICT COURT JUDGE