IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT, LLC, an Arizona limited liability company, and LAWRENCE A. HEATH, | Cause No. CV-08-100-BLG-RFC |
| Plaintiffs, | |
| -vs- | |
| WAYNE JOYNER, JUSTIN JOYNER, as individuals; ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana limited liability company, WAYNE MARCHWICK, AMERICAN TITLE AND ESCROW, a Montana corporation, FIRST AMERICAN TITLE COMPANY, a California corporation, DEVELOPER FINANCE CORPORATION, a Massachusetts corporation, NICHOLAS POWERS, III, a/k/a NICHOLAS D. POWERS, JAKE KORELL, LANDMARK OF BILLINGS, INC., a Montana corporation, JON USSIN, U BAR S REAL ESTATE, a Montana corporation, and JOHN DOES 11 through 30, | **ORDER** |
| Defendants. | |

Currently pending is a Rule 12(c) Motion for Judgment on the Pleadings by

Defendants Jon Ussin and U Bar S Real Estate.  Plaintiffs oppose said motion.

## BACKGROUND AND PARTIES

Plaintiffs are Flagstone Development Co., LLC, and Lawrence A. Heath, citizens of Arizona.  Defendant Rocky Mountain Timberlands, LLC, is a Montana Corporation which owned real property in Mussellshell County, Montana.  On May 25, 2007, Flagstone entered into a land buy-sell agreement with Rocky Mountain Timberlands for approximately 13,000 acres in Mussellshell County.  The sale contemplated under the buy-sell was never closed, and on April 3, 2008, Rocky Mountain Timberlands terminated the buy-sell.  The essential focus of the Second Amended Complaint are the claims of Plaintiffs against Defendants Rocky Mountain Timberlands and its principals, Wayne Joyner and Justin Joyner over that failed transaction.

Defendant Nicholas Powers is a citizen of the state of Arizona.  On April 4, 2008, Powers closed on the purchase of lands from Rocky Mountain Timberlands in Yellowstone and Mussellshell Counties, including Mussellshell County lands which comprised a portion of the lands under the failed Flagstone/Rocky Mountain Timberlands buy-sell.  Defendant Jon Ussin is a real estate broker licensed by the State of Montana and is a sole proprietor operating as Defendant U Bar S Real Estate, who represented Powers as his real estate agent in the transaction with Rocky Mountain Timberlands.

-2-

## STANDARD OF REVIEW

Rule 12(c) Fed.R.Civ.P. judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). The reviewing court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Like Rule 12(b)(6) motions, the standard required by Rule 12(c) significantly favors the non-moving party: judgment on the pleadings "may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted).[1]

---

[1]The Supreme Court has recently held that the "no set of facts" language commonly cited as the standard for Rule 12 motions is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969 (U.S. 2007). Rather, "once a claim has been stated adequately, it may be supported by showing any set of facts *consistent with the allegations in the complaint*." *Id.* Alternatively stated, the complaint include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Although the *Twombly* Court made these statements in the Rule 12(b)(6) context, courts have already applied *Twombly* to Rule 12(c) motions because they involve the same language. *See e.g. Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128, 131 (E.D.N.Y. 2007).

The party opposing the motion has the benefit of all possible favorable assumptions and the court is required to accept as true all well pleaded factual allegations in the adversary's pleadings just as it must consider as false all contravening assertions in the movant's pleadings.  Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure 3d*, 5C Fed. Prac. & Proc. Civ.3d § 1368 (Thompson West 2007).

## ANALYSIS

Defendants Ussin/U Bar S (Ussin herein) assert that dismissal is appropriate because Plaintiffs make no allegation that Ussin engaged in independent wrong outside of the scope of their relationship and Plaintiffs make no allegation that the actions of Ussin were made to further his own interest or for his own personal benefit.

According to Plaintiffs, the negotiations between Rocky Mountain and Powers included a provision requiring a release of Flagstone's contract and Defendants never obtained the release, so the contingency was removed before the sale to Powers was completed.  According to Plaintiffs, Ussin knew of Flagstone's pending buy-sell agreement with Rocky Mountain because of the contingency in the

Powers agreement that required the release of Flagstone's contract.  The facts, as alleged in the Second Amended Complaint, are that Ussin knew that Flagstone would object to and discourage the sale of property to Powers unless they were unaware of it, so Ussin conspired with the other Defendants to withhold information about Powers' purchase of the property.  Ussin is alleged to have interfered with Flagstone's contract to purchase the property and intended to cause the damage resulting from the destruction of Flagstone's contract.  Ussin purportedly acted to prevent the performance of Flagstone's contract by keeping all information about the sale to Powers away from Flagstone.

Plaintiffs' Second Amended Complaint alleges claims against Ussin for tortious interference with contract, civil conspiracy, and punitive damages.  All three claims against Ussin are in dispute because of Defendant's answer affirmatively denying Plaintiffs' allegations.  The Court is limited to reviewing only "the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the matter for relief or defense, and any facts of which the district court will take judicial notice." *Firelight Meadows, LLC v. 3 Rivers Tel. Coop., Inc.*, 344 Mont. 117, 120, ¶10 (2008) (quoting Wright and Miller, *Federal Practice and Procedure 3d*, § 1368.

Ussin relies on *Crane Creek Ranch, Inc. v. Cresap*, 324 Mont. 366, 103 P.3d 535 (2004), to support the argument that they cannot be liable because they were acting as an agent for Powers.  The agent in *Crane Creek* was an attorney who was accused of behaving negligently.  In *Crane Creek*, the Montana Supreme Court addressed the interplay between Mont. Code Ann. § 28-10-602, which absolves an agent and makes the principal liable to third parties for the negligent acts of his agents; and Mont. Code Ann. § 28-10-702(3), which makes an agent liable to third persons when the agent's acts were wrongful in nature.  *See Crane Creek, supra* at 369, ¶ 12.

> Under § 28-10-602, MCA, the *principal* will be held liable to third persons for the negligent acts of her agents.  An agent, on the other hand, is not liable to third persons for acts performed in the course of his agency unless, with the consent of his principal, he receives personal credit for a transaction, he enters into a written contract in the name of his principal without believing in good faith he has the authority to do so, or his acts were wrongful in their nature.  Section 28-10-70, MCA. [*Emphasis in original*].

*See Crane Creek, supra* at 369, ¶ 12.

In this case, there is no claim that Ussin acted negligently and Mont. Code Ann. § 28-10-602 does not apply.  The claims for tortious interference with a contract, civil conspiracy, and punitive damages, against Ussin are intentional torts

and require specific intent to engage in harmful conduct, and Mont Code Ann. § 28-10-702(3) is the applicable statute.[2]

Based upon the pleadings, Defendants' Motion for Judgment on the Pleadings [*doc. 105*] is **DENIED**.

DATED this 19th day of October, 2010.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE

---

[2] Ussin's circumstances are distinguishable from Defendant Jennifer Smith, who was recently dismissed by Order of this Court, in that Plaintiff asserted a negligence claim against Smith, causing Mont Code Ann. § 28-10-602 to be the applicable statute.