IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **FLAGSTONE DEVELOPMENT, LLC**, an Arizona limited liability company, and **LAWRENCE A. HEATH**,<br><br>                **Plaintiffs,**<br><br>-vs-<br><br>**WAYNE JOYNER, JUSTIN JOYNER**, as individuals; **ROCKY MOUNTAIN TIMBERLANDS, LLC**, a Montana limited liability company, **WAYNE MARCHWICK, AMERICAN TITLE AND ESCROW**, a Montana corporation, **FIRST AMERICAN TITLE COMPANY**, a California corporation, **DEVELOPER FINANCE CORPORATION**, a Massachusetts corporation, **NICHOLAS POWERS, III**, a/k/a **NICHOLAS D. POWERS, JAKE KORELL, LANDMARK OF BILLINGS, INC.**, a Montana corporation, **JON USSIN, U BAR S REAL ESTATE**, a Montana corporation, and **JOHN DOES 11 through 30**,<br><br>                **Defendants.** | Case No. CV-08-100-BLG-RFC<br><br><br><br><br><br><br><br>**ORDER** |

Currently pending before the Court is Defendant First American Title Company's Motion for Summary Judgment on all of Plaintiffs' claims.

## FACTUAL BACKGROUND

Plaintiffs are Flagstone Development Co., LLC, and Lawrence A. Heath, citizens of Arizona. Defendant Rocky Mountain Timberlands, LLC, is a Montana Corporation which owned real property in Musselshell County, Montana. On May 25, 2007, Flagstone entered into a land buy-sell agreement with Rocky Mountain Timberlands for approximately 13,000 acres in Musselshell County. The sale contemplated under the buy-sell was never closed, and on April 3, 2008, Rocky Mountain Timberlands terminated the buy-sell. The essential focus of the Second Amended Complaint are the claims of Plaintiffs against Defendants Rocky Mountain Timberlands and its principals, Wayne Joyner and Justin Joyner over that failed transaction.

Defendant First American Title is a California corporation. Plaintiffs contend that Defendant conducted business in Montana through its agent/franchisee Co-Defendant American Title and Escrow.[1] Plaintiffs further contend that Defendant First American Title collected fees from transactions conducted by Co-Defendant American Title and Escrow and is therefore liable via "contract or principals of agency or franchise for the conduct of AMERICAN

---

[1] *PLAINTIFFS' SECOND AMENDED COMPLAINT*, ¶ 8.

TITLE AND ESCROW and its employee JENNIFER SMITH."[2]  Lastly, Plaintiffs contend that Co-Defendant American Title and Escrow acts as the agent for Defendant First American Title for the sale of title insurance and related services in Musselshell County and surrounding areas.

Plaintiffs asserted claims against Co-Defendant American Title and Escrow and its Employee Jennifer Smith are negligence, tortious interference and conspiracy and punitive damages.[3]

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). In a motion for summary judgment, the court must view the facts in the light most favorable to

---

[2] *Id.*

[3] *Id.*, COUNTS 5 and 11.

the non-moving party.  *State Farm Fire and Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir.1989).

## DISCUSSION

Defendant First American Title seeks summary judgment in its favor.  In bringing the present motion, Defendant does not dispute that it does have an underwriting agreement with Co-Defendant American Title and Escrow regarding the issuance of title insurance and policies.  However, Defendant contends and the record clearly reflects that Defendant First American Title and Co-Defendant American Title and Escrow do not have an agreement or contract regarding escrow services either as an agent or franchisee.   Because of the lack of a legal relationship regarding escrow services, Defendant American Title contends that Plaintiffs cannot establish a principal/agent relationship between Defendant First American Title and Co-Defendant American Title and Escrow and its alleged tortious rendering of escrow services.

In their response brief, Plaintiffs do not dispute the lack of a contract or legal relationship regarding escrow services between these two Defendants that would establish an actual principal/agent relationship.  Rather, Plaintiffs contend that Defendant First American Title's website lists Defendant American Title and Escrow as its sole office in Musselshell County, Montana.  Moreover, Plaintiffs

contend that Defendant American Title and Escrow's website reflects that it is an agent for Defendant First American Title.

Consequently, based on the statements found on Defendants' respective websites, Plaintiffs raise for the first time, the allegation that Defendant First American Title gave Co-Defendant American Title and Escrow ostensible authority to act as its agent and therefore Defendant American Title is liable for its Co-Defendant's tortious acts.

Ostensible or apparent authority arises in Montana as the actual, implied or ostensible authority to make contracts on behalf of a business. *Audit Serv., Inc. v. Elmo Road Corp.*, 175 Mont. 533, 536-37 (1978). "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." Mont. Code Ann. § 28-10-403. Ostensible authority may be established "by omissions as well as by commissions." *Northwest Polymeric v. Farmers State Bk.*, 236 Mont. 175, 178 (1989). But, ostensible authority cannot be proven by the declarations of an agent whose statements are sought to be charged to the principal. *See Northwest Polymeric*, 236 Mont. at 177-78, 768 P.2d at 875; *Phelps v. Union Central Life Ins. Co.*, 105 Mont. 195, 199 (1937). In order to rely upon a theory of ostensible authority, there must be some words or conduct of the principal, some 'holding

out', upon which the plaintiff has relied. *Searle v. Great Northern Ry. Co.*, 189 F.Supp. 423, 428 (D.C.Mont. 1960).

In reading the Second Amended Complaint, the Court notes that Plaintiffs' theory of liability against Defendant First American Title is premised on the existence of contract for escrow services between Defendant First American Title and Co-Defendant American Title and Escrow. However, the record reflects that Plaintiffs do not raise their claim of liability under ostensible authority until their brief in opposition to Defendant's Motion for Summary Judgment. Moreover, nowhere in the Second Amended Complaint do Plaintiffs allege that they relied on statements made on Defendants' websites in seeking escrow services. Because of this, the Court need not reach the merits of Plaintiffs' newly raised claim.

In order to recover under a theory of ostensible authority, a plaintiff must plead representation by the principal, justifiable reliance on the representation, and a change in position or injury resulting from such reliance. *Synapsis, LLC v. Evergreen Data Systems, Inc.*, 2006 WL 44239 (N.D.Cal. 2006) (citing *Meyer v. Glenmoor Homes, Inc.*, 246 Cal.App.2d 242 (Ct.App.1966)); see also *Minneapolis-Moline Co. v. Purser*, 361 S.W.2d 239, 242 (Tex.Civ.App. 1962) (doctrine is based upon the theory of estoppel, and must be both pled and proven).

As reflected above, nowhere in Plaintiffs' Second Amended Complaint do they allege ostensible authority against Defendant First American Title. More

importantly, Plaintiffs may not raise new claims or allegations at the summary judgment stage. *McKinney v. American Airlines, Inc.*, 641 F.Supp.2d 962, 981-82 (C.D.Cal.2009) ("unless a plaintiff includes allegations in her complaint or informs the defendant before the close of discovery of her intent to rely on previously undisclosed allegations, she may not assert them for the first time in opposing summary judgment."); *see also Lee v. NNAMHS*, 2009 WL 3052443 (D.Nev. 2009).

## **CONCLUSION**

Accordingly, the Court concludes that Plaintiffs have not alleged ostensible authority much less its elements in their Second Amended Complaint. As such, they may not assert for the first time, new claims in an opposition to summary judgment motion. Because Plaintiffs have not adequately alleged ostensible authority, IT IS HEREBY ORDERED that Defendant First American Title Company's Motion for Summary Judgment on all of Plaintiffs' claims (*Doc. # 114*) is **GRANTED**. The Clerk of Court shall notify the Parties of the making of this Order.

DATED this 18th day of January, 2011.

                                               */s/Richard F. Cebull*
                                               HON. RICHARD F. CEBULL
                                               CHIEF U. S. DISTRICT JUDGE