FILED

JUN 2 3 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana corporation<br><br>Defendant. | No. CV 08-100-BLG-SEH<br><br>ORDER |

This case was remanded to this Court from the Ninth Circuit following appeal to address and resolve a single question: whether the Buy-Sell Agreement[1] (the "Agreement") between Flagstone Development LLC and Rocky Mountain Timberlands, Inc. had been abandoned. On February 10, 2016, a jury verdict

---

[1] Trial Exhibit 1, Doc. 499-2.

finding the Agreement had not been abandoned was entered.²

After the abandonment question was resolved, a hearing on issues remaining to be tried was held on April 20, 2016. At that hearing the Court ruled as a matter of law, for reasons stated, that claims previously asserted for: Negligent Misrepresentation;³ Negligence;⁴ Libel and Slander;⁵ Tortious Interference;⁶ Conspiracy;⁷ Bad Faith Breach of Contract;⁸ and Violation of the Right to Privacy;⁹ were dismissed and out of the case.¹⁰ One individual Plaintiff and two individual Defendants were separately dismissed on August 31, 2016,¹¹ leaving only Flagstone Development LLC as Plaintiff and Rocky Mountain Timberlands, LLC as Defendant. The only unresolved issues remaining for trial were: (1) whether Defendant had committed a material breach of the contract; and

---

² Doc. 395.

³ Count Four.

⁴ Count Five.

⁵ Count Six.

⁶ Count Seven.

⁷ Count Eight.

⁸ Count Nine.

⁹ Count Ten.

¹⁰ *See* Doc. 418 at 7.

¹¹ Doc. 453.

(2) determination of any damages to Plaintiff resulting from such a breach.

Whether trial of liability for breach of contract should be bifurcated from resolution of potential damages arising from breach was separately presented and addressed as an issue for resolution in the Court's discretion.[12] Defendant sought such bifurcation.[13] Plaintiff opposed the request.[14]

The bifurcation request was granted;[15] in part because multiple claims had been removed from the case and dismissed by order of Court,[16] and in part because the significant liability issue remaining for decision by jury trial turned on the question of whether Defendant had committed a material breach of the contract. Moreover, a substantial number of questions framed in a material breach of contract special verdict form proposed by the parties related to claims that at one point had been pleaded by Plaintiff but had later been removed from the case.[17]

A jury trial limited to the breach of contract issue was commenced on April

---

[12] *See* Fed. R. Civ. P. 42(b); *see also M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005).

[13] *See* Doc. 447 at 34-35.

[14] *See* Doc. 447 at 35.

[15] *See* Doc. 455 at 21-22.

[16] Doc. 453.

[17] *See* Doc. 458.

24, 2017. At that trial the jury determined by general verdict that the Defendant had materially breached the Agreement.[18]

Defendant has now moved for a new trial of the breach of contract issue claiming error from submission of the material breach issue for decision by the jury by general verdict.[19] The motion is opposed.

In determining remedies for breach of contract, Montana law distinguishes between "material" and "incidental" breaches.[20] The non-breaching party is entitled to terminate the contract for a "material" breach.[21] An "incidental" breach only entitles the non-breaching party to sue for damages.[22]

The jury instruction given at the April 24, 2017, trial defined material breach as:

> A material breach is a breach which touches the

---

[18] Doc. 494.

[19] Under Fed. R. Civ. P. 59(a)(1)(A), the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

[20] *See R.C. Hobbs Enters., LLC v. J.G.L. Distrib., Inc.*, 104 P.3d 503, 508 (Mont. 2004) (citing *Norwood v. Serv. Distrib. Inc.*, 994 P.2d 25, 31 (Mont. 2000)).

[21] *Id.*

[22] *Id.*

> fundamental purpose of the contract and defeats the
> object of the parties in making the contract. Plaintiff has
> the burden of proving that any breach of the contract was
> a material breach. Defendant denies that it committed a
> material breach.[23]

The instruction was given without objection from either party.[24]

Arguments advanced by Defendant in support of the new trial motion are substantially related to matters of potential evidence and testimony not yet presented and which may be expected to be offered, or opposed, by the parties in support of or in opposition to breach of contract damages claimed by Plaintiff or opposed by Defendant. Moreover, the Court has not yet addressed or resolved the numerous factual and evidentiary issues which are likely to arise in the damage phase of trial, including but not limited to: (1) the scope of damages for which Plaintiff may seek recovery; (2) whether damages for which recovery is sought are supported by admissible evidence; and (3) whether the claimed damages are, with certainty, caused by the breach and are not speculative.[25]

In addition, the Court has yet to address or determine the extent to which

---

[23] Doc. 496 at 18.

[24] *See* Fed. R. Civ. P. 51(c); *see also Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1022-23 (9th Cir. 2002) (noting that failure to object to an instruction waives the right of review).

[25] *See Stensvad v. Miners and Merchs. Bank of Roundup*, 640 P.2d 1303, 1310 (Mont. 1982).

damage claim evidence may, under *Daubert* principles, be presented, supported, or opposed by opinion testimony.[26] Many of the yet undecided damage issues were neither capable of nor appropriate for resolution by use of a special verdict form at the liability phase of trial in the form proposed.

The damage phase of proceedings and trial remains and is yet to be conducted. Issues related to damage theories and evidence, and the assertion of both parties' claims and defenses, can and will be addressed in the next phase of the trial process. A new trial on the breach of contract issue is neither necessary nor appropriate.

ORDERED:

The Motion for New Trial[27] is DENIED.

DATED this 23rd day of June, 2017.

/s/ Sam E. Haddon

SAM E. HADDON
United States District Judge

---

[26] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-95 (1993).

[27] Doc. 505.