

FILED

AUG 3 1 2017

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana corporation<br><br>Defendant. | No. CV 08-100-BLG-SEH<br><br>ORDER |

The Court ordered, on April 20, 2016, that each party file with the Court

Fed. R. Civ. P. 26(a)(2) reports of liability and damage experts by May 13, 2016.

Plaintiff timely filed the report of James R. Foley ("Foley"), dated April 13, 2011,[1]

and a letter authored by John C. Breslo that disclosed Sheryl Sacry, CPA ("Sacry")

---

[1] Doc. 416-1.

as a damages witness.[2] Attached to Breslo's letter is Sacry's C.V. and a series of spreadsheets and tables purporting to calculate Plaintiff's expected profits from the development of the 30 Mile Ranch.

A jury trial limited to the only remaining claim in this case, breach of contract, was commenced on April 24, 2017. At that trial, the jury determined by general verdict that Defendant had materially breached the Buy-Sell Agreement between Flagstone Development LLC and Rocky Mountain Timberlands, LLC.[3] The final unresolved issue is determination of any damages to Plaintiff resulting from such a breach.

At the status conference held on July 20, 2017, the Court tentatively ruled that neither Foley nor Sacry would be allowed to testify at the damages trial because Foley's report failed to comply with Fed R. Civ. P. 26(a)(2) and Sacry did not submit a report at all. The Court invited the parties to submit motions and briefs, not supplemental expert reports, directed to the admissibility of Foley's and Sacry's testimony before making its final ruling. Accordingly, Defendant filed its statement of position on July 27, 2017, and Plaintiff filed its statement of position on July 28, 2017.

---

[2] Doc. 416-2.

[3] Doc. 494.

Attached to Plaintiff's July 28, 2017, statement of position was a supplemental report from Foley dated July 26, 2017. Extension of the May 13, 2016, deadline to file expert reports was neither sought nor granted.

## DISCUSSION

"Under *Daubert*, the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable."[4] "[*Daubert*] requires a court to admit or exclude evidence based on its scientific reliability and relevance. . . . Thus, an expert's 'inference or assertion must be derived by the scientific method' to be admissible."[5] Further, "expert testimony [must] relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs."[6]

Foley's April 13, 2011, report does not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B)(iv) and (v): it makes no mention of his prior publications, if any. It fails to list the cases in which he was retained as an expert.

---

[4] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 147–49 (1999)).

[5] *Id.* (quoting *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 589–90 (1993)).

[6] *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (1997) (citing *Daubert*, 509 U.S. at 590).

Moreover, Foley's proposed testimony would not be appropriate under Fed. R. Evid. 702(c) and (d): the report does not reveal what methods and principals, if any, he used to form his opinions or whether such methods and principals were reliable. It leaves the Court unable to determine if such methods and principals were reliably applied. Instead, it purports to be based on Foley's prior experience and subjective beliefs. Expert opinions formed from such bases are inappropriate under *Daubert* and will not be allowed at trial. The July 26, 2017, supplemental report submitted without authorization of the Court will be disregarded.

Sacry's proposed expert testimony is similarly inappropriate under *Daubert* and Fed. R. Evid. 702 (b), (c), and (d). Breslo's letter states that Sacry's opinions are supported by the pro formas she prepared in the original 30 Mile Ranch Investment Prospectus. However, neither the letter nor the attachments divulge the facts or data upon which the opinions are based. Further, Breslo's letter and its attachments do not disclose what methods and principals, if any, were applied by Sacry in calculating projected profits or whether such methods and principals were reliable. Consequently, the Court is unable to determine if such methods and principals were reliably applied. Such opinions based on undisclosed facts, methodology, and principals do not allow the Court to examine the soundness of the expert's conclusions under *Daubert* and will not be allowed at trial.

ORDERED:

The expert testimony of James R. Foley and Sheryl Sacry, CPA is EXCLUDED. Neither will be permitted to testify as an expert witness at trial.

DATED this 31st day of August, 2017.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge