# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

FILED
JAN 16 2018
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| FLAGSTONE DEVELOPMENT LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana corporation <br><br> Defendant. | No. CV 08-100-BLG-SEH <br><br> ORDER |

On July 14, 2017, the Court issued an order, explaining that "[o]n April 25, 2017, the jury in the liability phase of this case entered its verdict that Rocky Mountain Timberlands, LLC, breached a material term of the Buy-Sell Agreement (the "Agreement") entered into between Plaintiff Flagstone Development LLC and Defendant Rocky Mountain Timerlands, LLC."[1] The Court further explained that "[t]he third phase of proceedings, yet to be conducted, is limited to determination of damages issues."[2]

---

[1] Doc. 511 at 1 (footnote omitted).

[2] Doc. 511 at 1-2.

On July 20, 2017, the Court ordered a schedule for parties to file position briefs "directed to issues of admissibility, subject matter, scope, and content of expert witness testimony to be offered at trial."[3] On July 28, 2017, Plaintiff filed a Statement of Position Regarding Expert Witness Testimony,[4] in which Plaintiff identified two experts who would provide testimony in support of its claim for lost profit damages: James Foley, ASLA, CLARB, MT-RLA, and Sheryl Sacry, CPA, ("Sacry").[5] On August 31, 2017, the Court excluded all opinion testimony by both Plaintiffs' experts on the issue of damages.[6] A proposed Final Pretrial Order was submitted on behalf of both parties on September 11, 2017, in which Plaintiff claims "Damages for lost profits in an amount to be proven at trial of approximately $6,692,500."[7] No experts were listed or identified in the Pretrial Order by Plaintiff.[8] Now pending before the Court is Defendant's Amended Motion to Dismiss for Fatal Lack of Allowable and Provable Damages, filed July

---

[3] Doc. 516 at 1.

[4] Doc. 522.

[5] Doc. 522 at 2.

[6] Doc. 529.

[7] Doc. 531 at 3-4.

[8] Doc. 531-2.

28, 2017.[9] A hearing on the matter was held on January 12, 2018.

## Discussion

In *Stensvad v. Miners and Merchants Bank of Roundup*,[10] the Montana Supreme Court assessed the circumstances under which an award of damages for lost profits stemming from a breach of contract would be awarded.[11] It concluded:

> Damages for loss of profits may be awarded if not speculative. The rule that prohibits speculative profits does not apply to uncertainty as to the amount of such profits but to uncertainty or speculation as to whether the loss of profits is the result of the wrong and whether such profit would have been derived at all. Once liability is shown, that is the certainty that the damages are caused by the breach, then loss of profits on a reasonable basis for computation and the best evidence available under the circumstances will support a reasonably close estimate of the loss by a District Court. But no damages are recoverable which are not clearly ascertainable both in nature and origin, and only profits which are reasonably certain may be awarded.[12]

Likewise in *Sebena v. American Automobile Association*, the Montana Supreme Court applied the *Stensvad* standard and affirmed the district court's determination that the plaintiff failed to prove damages of lost profits. There, affirmation turned on the lack of an expert accountant to specify the precise

---

[9] Doc. 521.

[10] *See* 640 P.2d 1303 (Mont. 1982).

[11] *See* 640 P.2d at 1310-1314.

[12] *Stensvad*, 640 P.2d at 1310 (citations omitted).

portion of total lost revenue caused by the Defendant's breach of contract.[13]

In *Delany & Company v. City of Bozeman*, an award of lost profits was affirmed in a case in which the Defendant had been held liable for interfering with Plaintiff's purchase of a property,[14] and in which Plaintiff produced an expert witness who "had developed several alternative ways in which the property could be utilized, analyzed the properties potential for profit, and his opinion was based on a reasonable estimate of the loss suffered."[15] The Court held that "an expert's estimate of the loss, based on a reasonable computation and the best evidence available under the circumstances, [was] sufficient to support the amount fixed by the finder of fact."[16]

In this case, Plaintiff is without any expert testimony to support its claim for damages. Damage experts identified by Plaintiff have been excluded as trial witnesses. No additional or replacement experts were identified. Without expert testimony, the Plaintiff cannot provide a reasonable computation of damages to support its request for lost profits damages and cannot establish that its claim is

---

[13] *Sebena v. Am. Auto. Ass'n*, 930 P.2d 51, 54 (Mont. 1996).

[14] 222 P.3d 618, 621, 624-26 (Mont. 2009).

[15] *Delaney & Co.*, 222 P.3d at 625.

[16] *Delaney & Co.*, 222 P.3d at 625.

clearly ascertainable in nature and origin.

Moreover, Defendant's offered exhibits, even if considered as support for a claim, do not alter the result. In its response to Defendant's motion, Plaintiff provided a list of eighteen attached exhibits in support its claim for lost profits.[17] One of those exhibits was the 30 Mile Ranch Investment Prospectus ("Prospectus"), which described the proposed development project, produced on or around September, 2007.[18] That document had been relied on at an earlier stage of proceedings as the basis of facts in support of Plaintiff's initial damages expert, Dale Grabois. Judge Cebull, in his Order of October 24, 2011, excluded Grabois, in part because of his reliance on the Prospectus, a document which the Judge described as "inaccurate and unreliable," given that its projections had been called into question by an admission by Plaintiff that the county planning requirements had rendered the 30-mile ranch development project "economically unfeasible."[19] The Prospectus remains unreliable for the purpose of calculating lost profits, especially given that Plaintiff has no expert to explain how the document can be used to calculate an estimate of Plaintiff's loss.

---

[17] Doc. 525.

[18] Doc. 525-3; Doc. 525-7.

[19] Doc. 269 at 7-9.

Another document in Plaintiff's list of supporting exhibits is a *pro forma* Cash Flow Model for the 30-Mile Ranch, produced by Wayne Joyner and his lender, Jeff King of Developer Finance Corp, on or around June 21, 2007.[20] Like the Prospectus, the Cash Flow Model is unreliable as evidence of lost profits given that subsequent circumstances have rendered development of the 30-Mile Ranch less feasible. Moreover, without an expert to explain how the model reaches its conclusions or to explain how the document pertains to Plaintiff's lost profits, it provides an uncertain basis for computing such damages.

Plaintiff also offers a projection of gross profits for the 30-Mile Ranch authored by Plaintiff's excluded expert, Sacry. Such a report, offered for its truth, is inadmissible hearsay under Federal Rules of Evidence 801 and 802, and it is further inadmissible under Federal Rule of Evidence 901, absent the authentication of its now unavailable author, Sacry.[21] Thus, Sacry's report would not be admissible as evidence at trial and could not provide support for evidence of Plaintiff's lost profits. Moreover, the remaining exhibits Plaintiff identified in support of its claim for lost profits do not provide adequate evidence to the

---

[20] Doc. 525-10

[21] *See e.g. McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1034 (9th Cir. 2003).

claim.[22]

Plaintiff cannot prove lost profits at trial. It has failed to provide any reasonable basis for computation of lost profits which would render such damages clearly ascertainable. However, before dismissal of this case, the Court will give Plaintiffs an opportunity to move for any further relief it may deem appropriate.

ORDERED:

1. Defendant's Amended Motion to Dismiss for Fatal Lack of Allowable and Provable Damages,[23] is GRANTED, in part.

2. This case will be dismissed on January 26, 2018, unless the Plaintiff establishes good cause of record, supported by reliable admissible evidence, why such dismissal should not be ordered.

DATED this 16th day of January, 2018.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[22] *See* Docs. 525-1, 525-2, 525-4, 525-5, 525-6, 525-7, 525-8, 525-9, 525-11, 525-12, 525-13, 525-15, 525-16, 525-17, 525-18.

[23] Doc. 521.