**FILED**

FEB 26 2018

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| FLAGSTONE DEVELOPMENT LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN TIMBERLANDS, LLC, a Montana corporation<br><br>Defendant. | No. CV 08-100-BLG-SEH<br><br>**ORDER** |

## Introduction

On January 12, 2018, the Court conducted a hearing on Defendant's Amended Motion to Dismiss for Fatal Lack of Allowable and Provable Damages.[1]

On January 16, 2018, the Court issued its Order: (1) granting, in part, Defendant's

---

[1] Doc. 521.

motion;[2] and (2) directing that "before dismissal of this case, the Court will give Plaintiffs an opportunity to move for any further relief it may deem appropriate" and that "[t]his case will be dismissed on January 26, 2018, unless the Plaintiff establishes good cause of record, supported by reliable admissible evidence, why such dismissal should not be ordered."[3]

On January 26, 2018, Plaintiff filed a document captioned Plaintiff's Showing of Good Cause as to Why Dismissal Should Not be Ordered.[4] On February 8, 2018, Defendant filed Defendant's Objection to Plaintiff's Showing of Good Cause as to Why Dismissal Should Not be Entered.[5]

## Discussion

Defendant's July 28, 2017, motion was styled as a motion to dismiss "for Plaintiff's failing to prosecute this action by pursuing the case despite a fatal lack of allowable and provable damages."[6] Regardless of title, the motion sought dismissal of the case as a matter of law for lack of evidence of provable damages. The Court substantively converted the motion to one for summary judgment,

---

[2] Doc. 536 at 7.

[3] Doc. 536 at 7.

[4] Doc. 537.

[5] Doc. 538

[6] Doc. 521 at 1.

considered matters outside the pleadings raised in part by the Plaintiff, and concluded, as a matter of law, Plaintiff could not prevail.[7]

Defendant satisfied its burden of showing that, as of January 16, 2018, Plaintiff lacked essential evidence required to sustain its case,[8] thereby shifting the burden to Plaintiff to "identify facts which show a genuine issue for trial."[9] And, as discussed at length in the January 16, 2018, Order, the Defendant has successfully argued for and established Plaintiff's lack of essential evidence.[10] Plaintiff's most recent filing on January 26, 2018, continues to fail to meet or overcome Defendant's assertions with evidence sufficient to warrant further litigation.[11]

Plaintiff failed, as invited by the Court, to demonstrate good cause. Rather, it has essentially reargued positions already resolved in favor of Defendant in the January 16, 2018, Order, including: (1) testimony necessary to prove lost profits; (2) the evidentiary weight of what were claimed to be admissions made by

---

[7] *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

[8] *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531-32 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).

[9] *Fairbank*, 212 F.3d at 531.

[10] Doc. 536.

[11] Doc. 536.

Defendant's representatives; and (3) exclusion of testimony by persons designated as expert witnesses by Plaintiff.[12] Rulings made by the Court in its January 16, 2018, Order stand as the law of the case. No good cause for revocation or alteration of those rulings has been shown.

The only issue not substantively addressed by the Court's January 16, 2018, Order was the argument that Section 16 of the Montana Constitution precludes the requirement of a paid expert witness, if a lay witness could otherwise provide the required testimony. No case law in support of this position was provided. The Court has found none. Moreover, Section 16 does not preclude testimony by experts who are compensated for their services. The argument is entirely without merit. In addition, the argument flies directly in the face of the plain language of Federal Rule of Civil Procedure 26(a)(2) and of Federal Rules of Evidence 702 and 703, which expressly contemplate and permit expert opinion testimony.

Good cause not having been shown,

ORDERED:

1. The Court's Order of January 16, 2018,[13] stands. Defendant remains entitled to judgment as a matter of law on Plaintiff's claim for lost profits due to

---

[12] Doc. 536 at 4, 7-11.

[13] Doc. 536.

the absence of sufficient evidence.[14]

2. No further or appropriate issues remain. The case is dismissed.

3. The clerk is directed to enter judgment and close the case.

DATED this 26th day of February, 2018.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[14] *See Fairbank*, 212 F.3d at 531-32; *See also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).